# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA BRYSON CITY DIVISION 2:06CV008

| | |
|---|---|
| **JESSE JAMESON-LECOURS, a minor, by his Guardian Ad Litem W. David Sumpter, III, and JOANNE JAMESON-LECOURS, Individually,** ) ) ) ) ) | |
| **Plaintiffs** ) ) | **ORDER OF RECUSAL** |
| v ) ) | |
| **AMERIGAS PROPANE, L.P.,** ) ) | |
| **Defendant.** ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon the court's own Motion to Recuse. In reviewing the court's docket and prior to consideration of any substantive motions, it appears that the plaintiffs are represented by the firm of Long, Parker, Warren & Jones, P.A., Attorneys at Law of Asheville, North Carolina, in this matter.

Prior to the undersigned's selection to the judicial office of Magistrate Judge, the undersigned practiced law as a private practitioner. This practice, in large part, involved civil litigation matters. Upon appointment to the bench, the court referred several pending cases to Steve Warren, attorney of Asheville, North Carolina. Mr. Warren is a partner in the firm of Long, Parker, Warren & Jones, P.A. That firm represents a party herein. The referral arrangement between the undersigned and Mr. Warren anticipates that the undersigned will be paid for his services rendered in the referred case, prior to referral, upon the end of the litigation.

The court has considered 28, United States Code, Section 455 and Canon 2 of the Code of Conduct for Judges and Judicial Employees to determine whether or not the undersigned should remove himself from matters involving the firm of Long, Parker, Warren & Jones, P.A. of which Mr. Warren is a partner. The court has found that 28, United States Code. Section 455(a) provides as follows:

"Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Title 28, United States Code, Section 455(e) provides:

"Where the ground for disqualification arises only under Subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification."

The undersigned has further consulted the Code of Conduct for Judges and Judicial Employees and, in particular, Advisory Opinion 24 to Canon 2.7 of the Code of Conduct. The advisory committee provides as follows:

(c) A judge who was a sole practitioner, or who otherwise has no single successor to the law practice, may distribute pending cases, including contingent-fee cases, to various lawyers or law firms, and thereafter receive fixed amount or a fixed percentage which is reasonable in light of the services previously rendered by the departing judge.

(d) Where cases handled before appointment as judge are transferred to other attorneys, and fees for judge's prior services are payable at end of litigation, **the judge must recuse in all cases handled by successor law firms or attorneys, until transferred cases are ended and fees paid.**

C.C.J.J.E., Chapter 5, at V-11 (May 1999) (emphasis added).

Although 28, United States Code, 455(e) provides that waiver of disqualification may be accepted, the court considers Canon 2 and the Advisory Opinions of the Code of Conduct for Judges and Judicial Employees as being mandatory and as a result the undersigned should recuse himself in this matter. The undersigned further considers that out of an abundance of caution, that he should recuse himself in any matter in which the firm of Long, Parker, Warren & Jones, P.A. represents any party until all cases transferred by the undersigned to Mr. Warren are ended and the fees paid.

**IT IS, THEREFORE, ORDERED** as follows:

(1) That the undersigned recuses himself from this matter, pursuant to 28, United States Code, Section 455(a) and Canon 2.7 of the Code of Conduct of Judges and Judicial Employees; and

(2) That this matter be transferred to United States District Judge Lacy H. Thornburg for all further proceedings.

Signed: April 20, 2006

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge